IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Lampkin, Sr.,                    Case No. 3:03CV7729

         Plaintiff

       v.                                     ORDER

Ernie Green Industries, Inc., et al.,

         Defendant

       This is an employment discrimination case in which the plaintiff claims that he was terminated in retaliation for his exercise of rights provided by the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Pending is defendant's motion for partial summary judgment on the issue of damages. For the reasons that follow, the motion shall be granted.

       In an earlier order, I held that plaintiff was entitled to present his claim to a jury that he lost his job with the defendant in retaliation for his having taken FMLA leave. The defendant's present motion seeks to limit any damages that the plaintiff might receive to two months' back pay. The gravamen of the motion is that the plaintiff was offered, but did not accept, the opportunity of returning to his former position with the same duties and same compensation.

       In challenging the motion, the plaintiff contends that he did not receive a letter notifying him to report for work on a certain date. Prior to receiving the letter, he had twice been notified that he was being allowed to return to work.

On the date the he was to have reported for work, the plaintiff met with a counselor. The counselor states that the plaintiff had the company's letter with him. Plaintiff acknowledges that the had the letter with him when he met with the counselor.

Plaintiff also has testified, however, that he did not receive the letter until the day after the day on which he was to have reported for work.

Plaintiff contends that the inconsistency in his own testimony (i.e., that he had the letter when he met with his counselor on the day when he was to have returned to work, on the one hand, and he did not receive the letter until the next day, on the other) creates a genuine issue of material fact requiring denial of defendant's pending motion.

I disagree: in addition to the other evidence that the plaintiff had earlier learned that the company was willing to have him return to his former job, the counselor states that the plaintiff had the company's letter so informing him when plaintiff met with the counselor on the date that he was to report for work. Plaintiff admits having the letter when he met with the counselor on that day.

Plaintiff's testimony that did not get the letter until the day after he was to have reported for work simply does not create a disputed issue of fact sufficient to enable him to contend that his failure to have reported when the letter directed him to do so was justified. No rational juror could find that the plaintiff was unaware that he could have his job back, or, moreover, that he had not received the letter on or before the date on which he was to report for work.

In light of the foregoing, it is

ORDERED THAT defendant's motion for partial summary judgment be, and the same hereby is granted.

So ordered.

s/James G. Carr

        James G. Carr
        Chief Judge