IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| James Lampkin, Sr., | : | Case No. 3:03CV7729 |
| Plaintiff, | : | |
| v. | : | |
| Ernie Green Industries, et al., | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate enter judgment in this employment discrimination case filed pursuant to the Family Medical Leave Act (FMLA), 29 U. S.C. § 2601 *et seq*. Pending is a Motion in Limine filed by Defendant Ernie Green Industries (Defendant) (Docket No. 60), Plaintiff's Opposition (Docket No. 75) and Defendant's Reply (Docket No. 78). For the reasons that follow, Defendant's Motion in Limine is granted as to the exclusion of evidence regarding a racial discrimination claim. The motion is otherwise denied as to the other issues presented.

**FACTUAL BACKGROUND**

Plaintiff is a black male resident of Marion County, Ohio (Docket No. 24, ¶ 2). Defendant is a corporation with its principal place of business in Marion, Ohio and its headquarters in Dayton, Ohio (Docket No. 24, ¶s 2 & 3). Defendant's subsidiary, Marion Industries, is also located in Marion, Ohio (Docket No. 24, ¶ 5). From March 7, 2000 through December 10, 2001 Plaintiff was employed by

Defendant at its subsidiary, Marion Industries (Docket No. 24, ¶5). During Plaintiff's tenure at Marion Industries, Defendant Ernie Green was the Chief Executive Officer, Sam Morgan was the Vice President, Robert Mills, Rich Charville and Jerome Curtis were supervisors[1] and July Prator was on the staff (Docket No. 1, ¶s 2, 3, 7, 37).

Plaintiff developed a health condition for which he was granted leave commencing October 2, 2001 (Docket No. 24, ¶ 6). He returned to work on December 10, 2001 (Docket No. 24, ¶ 7). Approximately one hour into his shift, Plaintiff was asked to sign a personal action form in which he was reassigned. He refused to sign the form or accept the reassignment and was discharged (Docket No. 24, ¶ 7). On February 7, 2002, Defendant scheduled Plaintiff to return to work but refused to enter an agreement to pay back wages (Docket No. 44; Docket No. 31, C# 4, Exhibit D; E#, Exhibit F). Plaintiff refused to return to work absent an agreement to pay his back wages.

## PROCEDURAL BACKGROUND

Plaintiff filed a charge with the Equal Employment Opportunity Commission on September 17, 2001 (Docket No. 1, ¶ 23). A complaint was also filed with the United States Department of Labor, Wage and Hour Division on December 10, 2001 (Docket No. 1, ¶ 27). Plaintiff refused an offer of reinstatement and the Department of Labor closed the case on February 11, 2002 (Docket No. 60). Plaintiff initiated this lawsuit on December 9, 2003 (Docket No. 1). United States District Court Chief Judge James G. Carr denied Defendant's Motion for Summary Judgment[2] but granted Defendant's'

---

[1] In the Amended Complaint, Defendants Green, Morgan, Charville, Mills, Curtis and Prator were omitted as named Defendants (Docket No.24).

[2] Chief Judge Carr concluded that there was a genuine issue of material fact with regard to Defendant's motivation for terminating Plaintiff from his employment. Specifically, if the decision to terminate Plaintiff was based on his refusal to sign a personal action form that was being presented to him as a result of an FMLA-violative transfer, then Defendant's motivation was improper. If, however, Defendant's decision to terminate Plaintiff's employment was based on his concern about

Motion for Partial Summary Judgment[3] (Docket Nos. 42, 47).

## MOTION IN LIMINE STANDARD

"A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions in limine." *Tzoumis v. Tempel Steel Company*, 168 F. Supp.2d 871, 873 (N. D. Ill. 2001) (*citing Falk v. Kimberly Services, Inc.*, 1997 WL 201568 at *1 (N.D. Ill. April 16, 1997); *Luce v. United States*, 105 S. Ct. 460, 4623 n. 4 (1984)). "[T]he motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Id.* (*citing Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997)). It eliminates further consideration of materials that should not be presented to the jury because they would be inadmissable for any purpose. *Id.* Evidentiary rulings should be deferred pending trial to resolve any questions of foundation, relevancy and potential prejudice. *Id.* at 873-874 (*citing Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N. D. Ill. 1993)). Only evidence that is clearly inadmissable for any purpose should be excluded pursuant to a motion in limine. *Id.* Under Sixth Circuit precedent, a ruling on a motion in limine is no more than a preliminary or advisory opinion which falls entirely within the discretion of the district court. *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983) *cert. denied*, 104 S. Ct. 1677 (1984). Consequently, the trial court is permitted to change its ruling during the trial. *Id.*

## DISCUSSION

In his amended complaint, Plaintiff makes two allegations: Defendant Ernie Green Corporation

---

returning to the line, then Defendant's motivation was proper. Thus, a jury must decide what Defendant's motivating reason was for terminating Plaintiff from its employment (Docket No. 42).

[3]

Chief Judge Carr did not limit any damages that Plaintiff might receive to two months' back pay (Docket No. 47).

terminated him in violation of the FMLA and the Civil Rights Act, 42 U. S. C. § 1981. Plaintiff seeks reinstatement to his position with Defendant, a judgment for all back pay from December 10, 2001, compensation for embarrassment, humiliation and emotional distress and punitive damages. Chief Judge Carr has already determined that (1) there is a genuine issue of material fact regarding Defendant's motivation when it terminated Plaintiff for failure to sign a personnel action form (Docket No. 42); (2) Plaintiff cannot argue that he could have his job back; and (3) Plaintiff cannot argue that he did not receive a letter advising him that he could have his job back on or before the date he was to report to work (Docket No. 47). Defendant Green seeks to bar from admission in the upcoming trial, the following: (1) any testimony or exhibits regarding Plaintiff's right or desire for reinstatement as Defendant Green's employee, (2) any testimony or exhibits regarding Plaintiff's race discrimination claim; (3) any testimony regarding monetary damages incurred after February 7, 2002; and (4) any testimony or exhibits regarding any purported videotapes of conversations between Plaintiff and anyone else.

I.

Defendant seeks to restrict any testimony or exhibits regarding Plaintiff's right or desire for reinstatement as Defendant's employee in three ways. First, Defendant contends that under the law of the case doctrine, Chief Judge Carr's order "cuts off" Plaintiff's remedy of reinstatement. Second, Plaintiff's failure to accept the unconditional offer of reinstatement precludes all rights to seek reinstatement. Third, even if it is determined that Plaintiff was wrongfully discharged, any liability for back pay ends when he refused the unconditional offer of employment.

*Law of the Case*

Under the law-of-the-case doctrine, findings made at one point in the litigation become the law

of the case for subsequent stages of that same litigation. *Rouse v. DaimlerChrysler Corporation*, 300 F.3d 711, 715 (6th Cir. 2002) (*see United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). The doctrine also bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not. *Id.* (*citing United States v. Adesida*, 129 F.3d 846, 849-50 (6th Cir. 1997) *cert. denied*, 118 S. Ct. 1688 (1998) (citation omitted)).

The Magistrate is not persuaded that, based on Chief Judge Carr's decision of May 20, 2005, Plaintiff is foreclosed from seeking reinstatement as an equitable remedy. In fact, the decision of May 20, 2005 does not address Plaintiff's right to reinstatement; consequently, he is not precluded from pursuing reinstatement as a probable remedy under this theory. Defendant's Motion is Limine is denied as to this allegation.

*Offer of Employment*

Defendant contends that Plaintiff's failure to accept the unconditional offer of reinstatement precludes all rights to seek reinstatement. Plaintiff was offered, but did not accept the opportunity to return to his former position with the same duties and compensation.

If an employee fails to return to work on or before the date on which his or her FMLA leave expires, the right to reinstatement or restoration expires. *Brown v. Trans World Airlines*, 127 F. 3d 337, 342-343 (4th Cir. 1997); 29 U. S.C. § 2614(a) (b) (2005). However, FMLA provides that on return from protected leave, an employee shall be restored to his or her position of employment held when leave commenced or to equivalent employment. 29 U. S. C. § 2601 *et. seq.* (Thomson/West 2006). An employer may deny restoration to an eligible employee if such denial is necessary to prevent substantial and grievous economic injury to the operations of the employer, the employer notifies the employee of the intent of the employer to deny restoration on such basis at the time the employer determines that such

injury would occur; and in any case in which the leave has commenced, the employee elects not to return to employment after receiving such notice. 29 U. S. C. § 2614 (b) (1) (A), (B) and (C) (Thomson/West 2006).

Plaintiff returned to work and was assigned to a different position on December 10, 2001. Plaintiff contends that upon his return, he was asked to agree to a demotion (Docket No. 24, ¶ 7). Defendant contends that Plaintiff requested reassignment. In any event, Plaintiff returned to work before his leave expired. At that time Defendant was under an express duty to reinstate Plaintiff to the position that he held before his FMLA leave (Docket No. 62). Instead, Plaintiff was discharged. There is a genuine issue of material fact as to whether Plaintiff was wrongfully denied restoration to the position of employment he held when leave commenced. Such issue is reserved for trial.

More than one year later, WHISARD (Wage & Hour Investigative Support and Reporting Database) investigators collected data to determine if Defendant was complying with federal law (Docket No. 62). During the course of such investigation, Defendant offered Plaintiff his job back during settlement negotiations (Docket No. 31, C# 4, Exhibit D; E#, Exhibit F). Plaintiff refused an offer of employment that was made conditional on his waiver of any right to back pay. Defendant claims that Plaintiff's failure to accept the offer vitiates any right to restoration and/or reinstatement to his position of employment held before his leave commenced. Consequently, the actual issue that this Court must address is whether communications made in furtherance of settlement negotiations are admissible at trial.

The Magistrate finds that the offer of reinstatement made on or about February 7, 2002 was made pursuant to an offer to compromise and/or to dismiss any pending actions against Defendant. Since such statements are inadmissible to show the invalidity of Plaintiff's claim, Plaintiff's failure to accept such claim is also inadmissible.

6

FED. R. EVID. 408 states:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. . . . This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

The Sixth Circuit has opined that the rationale behind the enactment of FED. R. EVID. 408 is that statements made in furtherance of settlement are never relevant. *Goodyear Tire and Rubber v. Chiles Power Supply*, 332 F. 3d 976, 983 (6th Cir. 2003). In sum, any communications made in furtherance of settlement are privileged. *Id.*

Defendant has failed to provide evidence that the offer of employment and Plaintiff's refusal to accept the offer of employment were offered into evidence for any other purpose not related to demonstrating that Plaintiff's claim for reinstatement is invalid. Accordingly, the Magistrate is not persuaded that terms of a proposed settlement or the parties' acceptance or rejection of the terms are admissible to either show the invalidity of Plaintiff's claim for reinstatement or to operate as an automatic forfeiture of reinstatement.

## II.

Defendant contends that Plaintiff should be admonished to refrain from making reference to his claim for race discrimination since such claim was withdrawn and reference during trial may be prejudicial.

The Magistrate finds such motion well taken. In the response to Defendant's motion for summary judgment, Plaintiff's counsel elected "not to pursue the claim of racial discrimination (Docket No. 36, p. 11). Accordingly, the racial discrimination claim is not an issue before the Court and will not be

7

addressed at trial.

### III.

Defendant contends that even if Plaintiff was wrongfully discharged, then any liability for back pay ends when the unconditional offer of employment was rejected. Specifically, Defendant claims that damages are capped to pay only wages/salary accrued between December 10, 2001 (his final day of work before the FMLA leave commenced) and February 7, 2002 (the day he was scheduled to return to work). In support of this contention, Defendant's rely on *Ford Motor Company v. E.E.O.C.,* 102 S. Ct. 3057, 3069 (1982).

*Ford Motor Company* is distinguishable from this case as the employer was charged with employment discrimination under Title VII of the Civil Rights Act. The Court found that the employer could toll the accrual of back pay liability by unconditionally offering a plaintiff the job that he or she sought. *Id*.

The Magistrate is not persuaded that *Ford Motor Company* is applicable under these circumstances. In this case, the offer of reinstatement was always conditioned on Plaintiff's waiver of any right to back pay. Such offer is not an unconditional offer of employment as discussed in *Ford*. Defendant is foreclosed from arguing that the *Ford* principles apply considering that several terms were imposed that precluded enforcement of the employment contract.

In the alternative, Defendant contends that the law of the case also forecloses Plaintiff from seeking damages that accrued after February 7, 2002. Specifically, damages are capped, pursuant to the May 20, 2005 order, at earnings accrued between December 20, 2001 and February 7, 2002.

This is not the law of the case. In fact, Chief Judge Carr determined in the Order filed March 20, 2005, that no decision was being made with regard to the extent which the offer (to return to work)

capped or the extent to which Plaintiff can recover back pay (Docket No. 42, fn. 2). Defendant's Motion in Limine is denied as to this argument.

IV.

Defendant seeks an order prohibiting the offer into evidence of any testimony or audiotapes of conversations between Plaintiff and "anyone else." An audiotape of conversations is only admissible if produced at pretrial in response to the request for discovery or pursuant to a duty to update discovery responses. FED. R. CIV. P. 26, 37©) (1) (Thompson/West 2006). Such evidence must also be authenticated or identified as a condition precedent to support a finding that the matter in question is what it purports to be. FED. R. EVID. 901(a) (Thomson/West 2006). Accordingly, the Court will address this issue during the telephone status conference on **May 23, 2006.**

## CONCLUSION

For these reasons, Defendant's Motion in Limine (Docket No. 60) is granted in part and denied in part. A telephone status conference is scheduled for **Friday, May 26, 2006, at 2:00 p.m**. to discuss scheduling a trial date.

IT IS SO ORDERED.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

9